SAMUEL P. BROWN, ELSA B. PETT AND ELIZABETH B. HANSEN, RELATORS-RESPONDENTS, v. VINCENT J. MURPHY, JOHN A. BRADY, MEYER C. ELLENSTEIN, JOHN B. KEENAN, RALPH A. VILLANI, AND CITY OF NEWARK, A MUNICIPAL CORPORATION, RESPONDENTS-APPELLANTS.

ALEXANDER S. RICE, ADMINISTRATOR CUM TESTAMENTO ANNEXO, RELATOR-RESPONDENT, v. VINCENT J. MURPHY, JOHN A. BRADY, MEYER C. ELLENSTEIN, JOHN B. KEENAN, RALPH A. VILLANI, AND CITY OF NEWARK, A MUNICIPAL CORPORATION, RESPONDENTS-APPELLANTS.

Argued May 20, 1947—Decided September 12, 1947.

For the relators-respondents, *Hannoch & Lasser* (*Herbert J. Hannoch* and *Morris Weinstein,* of counsel).

For the respondents-appellants, *Thomas L. Parsonnet* (*Joseph A. Ward,* of counsel).

The opinion of the court was delivered by

McGEEHAN, J. The judgments of the Supreme Court under appeal granted peremptory writs of *mandamus*, commanding the appellants to "forthwith institute and thereafter diligently prosecute" condemnation proceedings for the purpose of acquiring, in fee-simple, certain lands of the respondents.

Since counsel argued and briefed the Brown case and submitted the Rice case as presenting identical issues for determination, our disposition of the Brown case will be controlling in the Rice case.

The city, pursuant to statutory authority (*R. S.* 40:8–2, *et seq.*), established, constructed and operated the Newark Municipal Airport. Sometime during or prior to 1942, the city took possession and control of respondents' lands and incorporated them into its airport, and a runway of the airport has been constructed over a portion of said lands. When the city, after the taking, refused to negotiate with the owners for the purchase of their lands, or to institute proceedings to condemn, the owners obtained an alternative writ of *mandamus* to compel the institution of condemnation proceedings. The city's demurrer to this writ was stricken, but leave was granted to make return. The city's return admitted that the lands had been assessed for taxes against the relators and their predecessors in title for more than forty-five years, that the taxes so assessed had been paid, including taxes for 1945, and that the city had possession and control of the lands since long prior to 1942; but grounded its refusal to negotiate or institute proceedings to condemn on the claim that ownership of the lands was in the city by adverse possession, and that relators had no right or interest therein. On a framed issue, the Essex County Circuit Court determined that title to the lands had not vested in the city by adverse possession and that the relators were the owners thereof.

It is admitted that the city had and has the right to acquire these lands by purchase or condemnation under *R. S.* 40:8–5. The city argues that the power to condemn given by this statute is permissive only, that the discretion as to its exercise is vested in the municipality, and that *mandamus* should not

be allowed when the act is discretionary, citing *Teaneck Township* v. *Volcker*, 128 *N. J. L.* 481. The city also argues that the owners have an adequate remedy in trespass or ejectment, citing *Orrok* v. *Freeholders of Hudson County*, 123 *Id.* 488, and that *mandamus* is available only when there is no other legal method of redress, citing *Bowen* v. *State Highway Commission*, 8 *N. J. Mis. R.* 252.

While *R. S.* 40:8–5 authorizes the city to acquire the lands by purchase or condemnation, it does not empower the city to take the lands in advance of making compensation therefor. Therefore, the taking in this case was unlawful and in this respect differs from such cases as *Haycock* v. *Jannarone*, 99 *N. J. L.* 183; *Gould* v. *State Highway Commission*, 112 *N. J. Eq.* 389; *Goodavage* v. *State Highway Commission*, 96 *Id.* 424, and *Miller* v. *Port of New York Authority*, 18 *N. J. Mis. R.* 601.

While a landowner generally has an adequate remedy at law for an unlawful taking of his lands by action in the nature of ejectment, trespass, on the case, or forcible entry and detainer, these actions are of no avail when his lands have been taken for, are necessary to, and have become an integral part of an authorized public use, because in such case the landowner can only compel payment. 30 *C. J. Sec.* 109, *Los Angeles Athletic Club* v. *City of Long Beach*, 17 *Pac. Rep.* (2*d*) 1061. When the statute authorizes the city to initiate and complete proceedings for condemnation of the lands, but makes no provision for initiation of such proceedings by the owner of the lands, and the lands, which have been taken without making compensation therefor, have become an integral part of an authorized public use, *mandamus* will issue to compel appropriate action by the city under the statute, leading to payment for the lands so unlawfully taken as the only available method of redress for the owner of the lands. *Bowen* v. *State Highway Commission*, *supra*.

The judgments under appeal are affirmed.

*For affirmance*—THE CHANCELLOR, BODINE, DONGES, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McGEEHAN, McLEAN, JJ. 12.

*For reversal*—None.